FILED

04/18/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0493

DA 16-0493

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 91N

WHITEFISH CREDIT UNION,

        Plaintiff and Appellant,

    v.

MARY KAY PRINDIVILLE, GEORGE W. PRINDIVILLE,
LLOYD SHINN, BARBARA SHINN, BARRY ROTHSCHILD,
and JOHN DOE(S) 1-10,

        Respondents and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DV 11-746(A) Honorable Robert B. Allison, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Sean S. Frampton, Johnna J. Preble, Morrison & Frampton, PLLP, Whitefish, Montana

        For Appellees:

            George B. Best, Kira I. Evans, Best & Westover Law Office, Kalispell, Montana (for Shinn/Rothschild)

            Judah M. Gersh, Viscomi & Gersh, PLLP, Whitefish, Montana (for Prindivilles)

                Submitted on Briefs: March 22, 2017

                        Decided: April 18, 2017

Filed:

                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Whitefish Credit Union (WCU) appeals from the District Court's Findings of Fact, Conclusions of Law, and Order that determined the value of foreclosed property for purposes of determining WCU's entitlement to a deficiency judgment against the above-named Defendants/Appellees.

¶3 The factual background of this matter, including the foreclosure of Appellees' interest in the Patrick Creek property and WCU's request for a deficiency judgment, is fully set forth in our opinion in *Whitefish Credit Union v. Prindiville*, 2015 MT 328, 381 Mont. 443, 362 P.3d 53. In summary, Appellees defaulted on their notes to WCU, owing approximately $1.9 million. WCU foreclosed on the secured property, which was sold at a sheriff's sale for $1.1 million, with WCU as the purchaser. WCU sought a deficiency judgment, but the District Court, after conducting a hearing and considering the evidence, determined the value of the Patrick Creek property to be approximately $2.4 million, and that WCU was not entitled to a deficiency judgment against the Appellees.

¶4 WCU appealed. This Court determined that the District Court had not abused its discretion by proceeding in equity to determine the value of the property for purposes of

entering a deficiency judgment, but that "evidentiary errors clearly affected the outcome of the proceeding to the prejudice of WCU and . . . a remand for further proceedings and application of the proper standards is necessary." *Whitefish Credit Union*, ¶ 33. On remand, the District Court conducted a new hearing and received exhibits and testimony. The District Court averaged the appraisals of the parties' respective real estate appraisers and determined the value of the property to be $1.65 million, entitling WCU to a deficiency judgment of $190,673.89, with attorney fees and costs of $36,088.50, and statutory interest. WCU appeals.

¶5      WCU argues that the appraisal submitted by Appellees' appraiser lacked credibility because it relied upon sales that were not comparable. It further argues that the District Court erred by failing to recognize deficits in the appraisal's analysis of "highest and best use" of the property, and by reasoning that an earlier appraisal commissioned by WCU for its purchase of the property at sheriff's sale was subject to negative value depressing effects of foreclosure sales, when those effects had already been considered by the appraiser. WCU asks this Court to address and apparently set standards for "the credibility of appraisals." As relief, WCU requests that this Court reject Appellees' appraisal, conclude that they failed to meet their burden of proving the value of the property, and order that a deficiency judgment in the amount of $740,673.89 be entered.

¶6      "This Court will affirm the factual findings of a district court sitting without a jury unless those findings are clearly erroneous." *Jacobson v. Bayview Loan Servicing, LLC*, 2016 MT 101, ¶ 19, 383 Mont. 257, 371 P.3d 397 (citation omitted). "A district court's

findings are clearly erroneous if they are not supported by substantial evidence, if the district court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed." *Jacobsen*, ¶ 19 (citation omitted). "Evidentiary issues, including rulings on the admissibility of expert testimony, are reviewed for abuse of discretion." *Whitefish Credit Union*, ¶ 10 (citation omitted). "The credibility of witnesses and the weight to be given to their testimony are determined by the trier of fact . . . ." *State v. Trujillo*, 2008 MT 101, ¶ 8, 342 Mont. 319, 180 P.3d 1153 (citation omitted).

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's findings of fact are not clearly erroneous and the court did not abuse its discretion in its evidentiary rulings, including matters of credibility of the appraisals.

¶8 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER

4